**Dismissed and Opinion Filed October 15, 2019**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-01089-CV

## IN RE SANDRA CRENSHAW, Relator

### Original Proceeding from Dallas County, Texas

## MEMORANDUM OPINION
Before Justices Whitehill, Partida-Kipness, and Pedersen, III
Opinion by Justice Pedersen, III

Relator Sandra Crenshaw has been declared a vexatious litigant and is prohibited from filing pro se any new litigation in a court of this State without first obtaining permission from the local administrative judge. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 11.102(a), 11.103(a). A petition for writ of mandamus is a civil action for which the vexatious litigant statute applies. *Cooper v. McNulty*, No. 05-15-00801-CV, 2016 WL 6093999, at *3 (Tex. App.—Dallas Oct. 19, 2016, no pet.) (mem. op.) (citing *Retzlaff v. GoAmerica Commc'ns Corp.*, 356 S.W.3d 689, 700 (Tex. App.—El Paso 2011, no pet.) (concluding under statutory definitions, "a person who seeks mandamus relief commences a civil action in the appellate court")); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 11.001(2) (defining "litigation" as "a civil action commenced, maintained, or pending in any state or federal court."); *Id.* § 11.103(a) (the clerk of a court "may not file a litigation, original proceeding, appeal, or other claim presented, pro se, by a vexatious litigant subject to a prefiling order" unless the litigant first obtains permission).

Crenshaw filed this original proceeding without first obtaining the required permission. By letter dated September 13, 2019, we directed Crenshaw to file a copy of an order from the local administrative judge giving her permission to file this original proceeding by September 23, 2019. We cautioned Crenshaw that failure to provide the written verification of permission to file may result in dismissal of this original proceeding for want of jurisdiction without further notice.

To date, relator has not provided this Court with a written order from the local administrative judge giving her permission to file this original proceeding. Accordingly, we dismiss this original proceeding for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f); TEX. CIV. PRAC. & REM. CODE ANN. § 11.1035(b) (the court "shall dismiss the litigation unless the [vexatious litigant subject to a prefiling order] . . . obtains an order from the appropriate local administrative judge described by Section 11.102(a) permitting the filing of the litigation"); *see also In re Johnson*, No. 03-13-00531-CV, 2013 WL 4822489, at *1 (Tex. App.—Austin Aug. 30, 2013, orig. proceeding) (mem. op.) (dismissing petition for writ of mandamus when vexatious-litigant relator made no showing that he had obtained order from local administrative judge permitting filing thereof).


/BILL PEDERSEN. III/
BILL PEDERSEN. III
JUSTICE


191089f.p05